Judge Buckner,
delivered the opinion of the court.
The only question presented by'thc record in this case, which it is necessary particularly to notice, is this: Does a lapse ofthree yrears from the time a decree in chancery is rendered, operate as a liar to a bill instituted to review it, on account of written evidence applicable to the matters in controversy, huí *610 which was not used when the decree sought to be reviewed, was rendered, because It had been lost, but I 1 , ■ 1 r 1 has since been iound.
Hills of re ^iew founded upon matter de/lowjhe re-barred by'the lapse of three yoars from the thedeoree?
Cbnn and Hamm, for appellants: Wirldiffc and. Woolen, for appellees.
<\ Of bills of review there are two lands; the one is founded on matter discovered since the decree attempted to be reviewed was made, and consequently not pul. in issue in the former suit; or, on evidence of a permanent and unerring nature, applicable to points which were then in issue. In the case of Blight, &c. vs. McIlvoy, &c. IV Mon. 142, it was decided that a writ of error prosecuted to reverse a decree, and a bill of review for errors apparent on the face of the decree, are analogous and equivalent remedies; and in that of Green’s heirs vs. Breckenridge’s heirs, Ib. 541, ■ it is very strongly intimated, as the opinion of the •■court, that the remedy by bill of review is barred, whenever the hour for a writ of error has passed. But the reasons upon which that intimation is founded, are applicable exclusively to bills of review, in which the er-rorscomplainedof areapparentonthefaceof the decree. Such a bill, like a writ of error, may he prosecuted as a matter of right, without leave of the court first obtained.
But we know of no case in which it has been decided, Ilor cven ‘dimmed, that a bill of review, of the class jus‘L described, can be barred by a lapse of íhe same time that a writ of error would- be. There is no statu£0..y j;m,ration io the prosecution of a bill of review; nor v' there any such analogy between a wit of error and tee kind hn-t described, as would justify the application of the bar. In the present case the bill of review was founded on receipts or written acknowledgments by Ben-on's execumr of money, which, if e-xhi bit-ed on the former trial or the case, would have demanded a decree ditfereni from ¡hat sought to be reviewed, and in accordance wi;h that appealed from.
The genuineness of the receipts was proved, and i!; appears shat they were not used on the former trial, because they had been accidenially lost; and it would have been difilcuh, peihaps impracticable, to prove the •execution without production-of them, because there was not a subscribing witness to either of them.
The decree rnu-d be affirmed with costs.